EVANDER, J.
Janet Robinson appeals from a Second Final Judgment of Dissolution of Mar *974 riage. We address two issues. First, as conceded by the former husband, a mathematical error resulted in the former husband receiving $67,840 more net assets than the former wife. On remand, the trial court shall correct this discrepancy.
Second, as again conceded by the former husband, he violated this court’s stay order.[1] The stay order violations consisted of: (1) the former husband’s sale of certain real property to his sister, and (2) the former husband’s receipt of proceeds derived from the sale of real property by Prestige Construction and Development, LLC (an entity in which both parties had a legal interest). Although the former husband remedied much of the damages that might have otherwise resulted from his violations of the stay order, we conclude that the former wife is entitled to recover her reasonable attorney’s fees for the time expended, both at the trial and appellate court levels, in litigating the issues related to the former husband’s violations. On remand, the trial court shall determine such amount.
We affirm as to the other issues raised on appeal.
AFFIRMED, in part; REVERSED, in part; REMANDED.
MONACO and LAWSON, JJ., concur.

. The former husband’s counsel strongly disagreed with this court’s entry of the stay order. Although it was not improper for counsel to express his disagreement with our decision, his disparaging comments regarding this court, made at a subsequent hearing below, fell far below the standards of professionalism expected of members of The Florida Bar. See, e.g., Preamble, Rules of Professional Conduct, R. Regulating Fla. Bar Ch. 4 ("A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials.”); Oath of Admission, In re The Fla. Bar, 73 So.3d 149 (Fla.2011) ("I will maintain the respect due to courts of justice and judicial officers.”).